ISADORE MANDEL, PETITIONER-PROSECUTOR, v. FED-
ERAL SHIPBUILDING AND DRY DOCK COMPANY, RE-
SPONDENT-DEFENDANT.

Submitted October 2, 1944—Decided February 27, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the petitioner-prosecutor, *Laurence Semel.*

For the respondent-defendant, *Lindabury, Depue & Faulks*
(*William L. Dill, Jr.,* and *Thomas Maloney,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is a compensation case.
By the writ there is brought before us for review the judg-
ment of the Essex County Court of Common Pleas which
reversed the findings in the Bureau. The judgment of the
Workmen's Compensation Bureau was for the petitioner-
employee. It provided that the respondent-employer "fur-
nish" the employee "with an operation for the repair of his
right inguinal hernia, the compensation, fees and costs to be
determined after the petitioner had received such surgical
treatment."

The petitioner worked for his employer as a pipefitter and
on June 26th, 1943, in the course of his work, suffered a
hernial injury as a result of lifting a heavy blower. The
proof submitted by the petitioner to support an award of

compensation was advanced on the theory that he had suffered a compensable hernia of real traumatic character, sufficient to satisfy the statutory requirements in a case of this kind which are stated in *R. S.* 34:15–12, *subdiv. X;* or that he suffered an aggravation of a former hernia which he had had. In this case it appeared without dispute that the petitioner had had a hernia for which he had undergone a surgical operation on January 4th, 1943; that he had entered the employ of the respondent some time in May, about a month before the accidental injury now complained of. The learned judge in the Pleas found that the petitioner did not suffer a compensable hernia and, further, that he "did not suffer an aggravation of a hernia."

The prosecutor argues that the judgment of the Pleas was erroneous in that the proof was sufficient to satisfy the five prerequisites for proving a compensable case of real traumatic hernia. We are convinced that this is not so. We need not discuss the proofs in any great detail, but we find that there was no descent of the hernia immediately following the cause, which is the first requirement of our statute, *supra.* Nor was there such prostration that the employee was compelled to cease work immediately, which is the third statutory requirement. The proof leaves no room for doubt in these particulars. It is unnecessary to discuss this argument further. There is no merit in the first point.

It is next said the court erred in not finding that there was an aggravation of the petitioner's "pre-existing diseased condition." This point we think is meritorious. The medical witness, Dr. Kummel, for the petitioner, testified that the petitioner suffered a "recurrence" of the old hernia and the implication is plain that he thought that the old condition of January, 1943, had not healed. He characterized the present condition as an "aggravation or a return of a previous condition." He further said that it was not a new hernia but "an aggravation of the condition that existed before it was repaired, but apparently it [the weakened area] gave way again." On cross-examination the witness adhered to his opinion concerning the condition of the petitioner and further clarified it by saying it was the result of "an old hernia

in the same place." He further said that after the operation in January, 1943, the affected area was weaker—not "stronger than normal * * * because scar tissue is not as elastic as normal tissue." The respondent argues that this witness finally said that in this case there was "no aggravation of a hernia." We do not so construe the answer of the witness. We think the answer was to an abstract question. To conclude otherwise would be to negative completely all of his testimony on this precise issue. The question asked was general in character and so, too, was the answer of this witness.

Dr. Abbot Beling, a medical witness for the respondent, testified that he first saw the petitioner on December 2d, 1943. He conceded that there was some slight permanent disability from back strain which entitled petitioner to a small award. With respect to the hernia, the witness stated that it was a recurrence of his former condition and, further, on direct examination, that it was difficult to say whether the condition was "a recurrence of a hernia or an aggravation of a pre-existing hernia."

The proof, in our judgment, preponderates in favor of the conclusion that the petitioner suffered an aggravation of the hernia condition from which he suffered six months prior to his present injury and that it was caused by accident arising out of and in the course of the employment; and we so find. The case is controlled by the rule stated in *Furferi* v. *Pennsylvania Railroad Co.*, 117 *N. J. L.* 508.

The judgment of the Pleas is reversed and the judgment of the Bureau is reinstated. The petitioner is entitled to costs.